IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SSGC JOHN DOE 11987086,** | * |
| Plaintiff, | * |
| v. | * Civil Case No. 25-3836-SAG |
| **SISTERS OF MERCY OF THE AMERICAS SOUTH CENTRAL COMMUNITY, INC.,** *et al.*, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

This case is one of three cases filed in state court by pseudonym plaintiffs against Sisters of Mercy of the Americas South Central Community, Inc. ("South Central") and Sisters of Mercy of the Americas, Inc., ("SOMA"), alleging sexual abuse under the Maryland Child Victims Act. *See* ECF 2; *SSGC John Doe 11981680 v. Sisters of Mercy*, Civ. No. 25-03837-SAG; *SSGC John Doe 12111341 v. Sisters of Mercy*, Civ. No. 25-3843-SAG. After each plaintiff agreed to voluntarily dismiss the claims against SOMA, a citizen of Maryland, on November 24, 2025, South Central removed all three cases to this Court on the basis of diversity jurisdiction. *See* ECF 1 (in all three cases). All three cases are presently pending before the undersigned judge. But on December 15, 2025, the plaintiff in each case filed an Amended Complaint seeking to re-add SOMA, a non-diverse defendant. ECF 9; ECF 11 in 25-2837-SAG; ECF 11 in 25-3843-SAG. The Amended Complaint in this case and one other included new federal claims, such that this Court's exercise of subject matter jurisdiction would remain appropriate. South Central has filed a motion to strike the Amended Complaint, ECF 11, claiming that it was improperly filed. Plaintiff has

1

opposed that motion, ECF 15, and South Central has filed a reply, ECF 21. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Motion to Strike is denied.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case involves allegations that, in the 1970s, Plaintiff was abused by a priest who visited Villa Maria, where Plaintiff was a student. ECF 9. Plaintiff originally sued both South Central and SOMA in the Circuit Court for Baltimore County. ECF 2. South Central alleges, although it denies any liability, that the appropriate entity in existence at the time of the events in question was Sisters of Mercy of Baltimore, Inc. ECF 11-1 at 2. South Central alleges (contrary to the allegations in Plaintiff's Amended Complaint, ECF 9 ¶ 9) that SOMA and Sisters of Mercy of the Americas of Missouri are not successors to Sisters of Mercy of Baltimore, Inc. and not proper defendants in this case. ECF 11-1 at 5–6.

After receiving the state court complaint, counsel conferred and the three plaintiffs agreed to dismiss SOMA as a defendant in state court, reserving the right to reinstitute the claim if they learn through discovery that SOMA is a proper defendant. ECF 20-2 in 25-2837-SAG. The parties therefore filed a joint stipulation of partial voluntary dismissal without prejudice. ECF 4.

Because the remaining parties were diverse, South Central then removed the case to this Court on November 24, 2025. ECF 1. On December 15, 2025, without seeking South Central's consent or leave of Court, Plaintiff filed an Amended Complaint, again naming SOMA as a Defendant but also adding federal claims. ECF 9.

## II. ANALYSIS

In a diversity case, the Court applies federal procedural rules. *See, e.g.*, *Chartis Prop. Cas. Co. v. Huguely*, 243 F. Supp. 3d 615, 622 (D. Md. 2017). Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend its pleading after twenty-one days following service may

do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff obtained neither, simply docketing his Amended Complaint. He contends that he could file it as of right within 21 days of removal, but no such provision exists in the rule. He has therefore technically violated Rule 15(a)(2).

This Court declines, however, to strike the Amended Complaint and instead will grant leave for its filing *nunc pro tunc*. The reason is that Rule 15(a)(2) requires courts to "freely give leave when justice so requires." The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Delay alone is not sufficient reason to deny leave to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Rather, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *see also Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 428.

Here, this Court finds no prejudice, bad faith, or futility. Although South Central alleges an intent to defeat federal jurisdiction, ECF 11-1 at 4–5, that allegation makes no sense given Plaintiff's addition of federal claims to the Amended Complaint. And while South Central insists that it is appropriately construing the complex and dated corporate histories, Plaintiff, who has pleaded facts to the contrary, should be afforded an opportunity to test South Central's representations through discovery. Of course, should Plaintiff become persuaded that a cause of action does not properly lie against SOMA, Plaintiff should dismiss the claims against it at the

3

point. But on the record at present, Plaintiff has plausibly stated a claim against SOMA in the Amended Complaint, and there is no improper purpose for the amendment.[1]

Plaintiff has explained that the reason for the amendment is not to defeat federal jurisdiction, but to ensure his ability to amend to add SOMA as a defendant. In federal court, scheduling orders frequently limit the time for amendment of pleadings to the earliest stages of the litigation, making the ability to amend during or after discovery more questionable. In light of the complex facts underlying the historic corporate relationships, Plaintiff amended to name SOMA to ensure his ability to maintain a claim against SOMA if appropriate. Such amendment makes logical and strategic sense, and Plaintiff could be significantly injured if amendment were foreclosed but SOMA was eventually deemed to be the proper defendant. Finally, although Plaintiff missed the 21-day window to amend as of right, it cannot be said that he was "dilatory" in seeking amendment. He acted promptly after learning the case had been removed to federal court and considering the ramifications with respect to the naming of the various entities. South Central suffered no prejudice from the brief delay.

Thus, under the liberal amendment standards in Rule 15, this Court would have granted Plaintiff leave to amend had a motion been filed. And, given that the parties' relevant arguments are squarely presented in these motions, this Court sees no basis to require all parties to jump through the procedural hoops of striking the Amended Complaint, proceeding through an inevitably unsuccessful request to obtain South Central's consent for amendment, and requiring full briefing of a motion for leave to amend. It will thus construe the Amended Complaint as a

---

[1] South Central also challenges the viability of some of the new claims, for example, violations of the Maryland Declaration of Rights, which would require the Defendants to be acting under color of law. ECF 11-1 at 3. Such challenges are better suited for a motion to dismiss rather than a motion to strike.

motion for leave to amend and will grant it *nunc pro tunc*. The motion to strike the Amended Complaint will therefore be denied.

### III.     CONCLUSION

For the reasons set forth above, this Court will construe Plaintiff's Amended Complaint as a motion for leave to amend and will grant leave *nunc pro tunc*. South Central's Motion to Strike, ECF 11, will be DENIED. A separate Order is filed herewith.

Dated:  February 6, 2026                                        /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge