IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **SSGC JOHN DOE 11987086,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-25-03836** |
| **v.** | * | |
| | * | |
| **SISTERS OF MERCY OF THE** | * | |
| **AMERICAS SOUTH CENTRAL** | * | |
| **COMMUNITY, INC.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff SSGC John Doe 11987086 ("Plaintiff") brings this action against Defendants Sisters of Mercy of the Americas South Central Community, Inc. and Sisters of Mercy of the Americas, Inc. (collectively "Defendants"), for claims relating to abuse he allegedly suffered as a child resident of St. Vincent's Villa Maria. ECF 9 (Amended Complaint). Defendants have filed a partial motion to dismiss several claims, ECF 24, which Plaintiff opposed, ECF 25. Defendants then filed a reply, ECF 26. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the motion will be granted in part and denied in part.

## I.    BACKGROUND

The following facts are derived from Plaintiff's amended complaint, ECF 9, and are assumed to be true for purpose of the motion to dismiss.

Defendants oversee the St. Vincent's Villa and Villa Maria School ("Villa Maria"), a residential mental health treatment facility for boys in Timonium, Maryland. *Id.* ¶¶ 9, 10, 11. Defendants staffed Villa Maria with administrators, nurses, and teachers. *Id.* ¶ 27.

Plaintiff lived at Villa Maria from 1976–1978, when he was around ten to twelve years old. *Id.* ¶¶ 66, 68. During that time, Father Thomas Bauernfeind ("Father Tom") regularly visited Villa Maria to interact with students as a coach and spiritual advisor. *Id.* ¶¶ 3, 53. During Plaintiff's residence at Villa Maria, Father Tom sexually abused him "approximately 50 times" in "areas under the exclusive control of Defendants like the shower room in the basement of Defendants' church." *Id.* ¶ 75. The abuse included sexual touching, oral sex, sodomy, and other sexual acts. *Id.*

Plaintiff alleges that Defendants knew of and were deliberately indifferent to Father Tom's actions because it was "open and notorious," including "persistent and inappropriate touching of Plaintiff on school grounds and persistent closed-door, one-on-one meetings with Plaintiff, including showers." *Id.* ¶ 90. Plaintiff also alleges, "Defendants, directly and through its agents, servants and employees, knew about the harassment of Plaintiff at the time it was happening." *Id.* ¶ 92. Finally, "on information and belief," Defendants also knew that Father Tom "was serially harassing other students within the meaning of Title IX before, during, and after his harassment of Plaintiff." *Id.* ¶ 91. Plaintiff alleges that Defendants' conduct effectively deprived him of equal access to the educational opportunities and benefits provided by Villa Maria. *Id.* ¶ 98.

Plaintiff also alleges that Defendants maintained a policy to conceal the actions of known child predators from public view and not to report incidents to authorities. *Id.* ¶ 155. He further alleges, in relevant part, that Defendants failed "to properly train and re-train staff who worked with children about child supervision and detecting, reporting, and preventing child sexual abuse." *Id.* ¶ 158(d).

## II.   LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Defendants seek to dismiss four counts in the Complaint. Each is addressed below.

### A.  Count I: Title IX

Defendants argue that Plaintiff cannot state a Title IX claim because he has not alleged harassment based on his sex. ECF 24-1 at 5. Where the defendants are an educational institution receiving federal funds, a plaintiff needs to show in relevant part that "they suffered sexual

3

harassment that was so severe, pervasive, and objectively offensive that it deprived them of equal access to the educational opportunities or benefits provided by their school." *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 263–64 (4th Cir. 2021). The Fourth Circuit clarified that, "Although a single, isolated incident generally does not provide a basis for Title IX liability, we have recognized that such an incident may be sufficient if it is 'extremely serious.'" *Id.* at 276 n.15 (quoting *Jennings v. Univ. of N.C.*, 482 F.3d 686, 696 (4th Cir. 2007)).

Here, the alleged sexual abuse and harassment of plaintiff was not a single, isolated incident. It occurred fifty times. And it clearly was "extremely serious," involving acts like sodomy of a ten-to-twelve-year-old boy. Certainly, at the motion to dismiss stage, Plaintiff has sufficiently alleged that the sexual abuse he suffered at an all-boys school was based on his sex.

Defendants' remaining arguments are unavailing. Although Defendants allege that Father Tom was not an employee of Sisters of Mercy or assigned to Villa Maria, ECF 24-1 at 5–6, Plaintiff has sufficiently alleged that he served as a coach and spiritual advisor at Defendants' facility.  ECF 9 ¶ 53. That allegation at least entitled Plaintiff to discovery to ascertain the precise relationship between Father Tom and the facility. While Defendants also allege that the abuse did not take place during school hours, Plaintiff has asserted that the abuse all occurred in locations controlled by Defendants. And Plaintiff's allegations of the "open and notorious" abuse by Father Tom known to Defendants suffices, at the motion to dismiss stage, to state a claim of deliberate indifference.

### B.  Count II: Violation of Maryland Declaration of Rights

In contrast, Plaintiff's claim for a violation of the Maryland Declaration of Rights cannot lie. Article 24 of the Maryland Declaration of Rights is interpreted *in pari materia* with the Due Process Clause of the Fourteenth Amendment. *See Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d

693, 728 (D. Md. 2013). The Due Process Clause governs state conduct, and claims pursuant to it accordingly require that the person or entity committing the constitutional violation be "clothed with the authority of state law." *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). In this case, Father Tom was a Catholic priest, not a state actor. And Sisters of Mercy, the nonprofit religious entities who own and operate the school, are also not state actors. Receipt of public funds, or regulation by state licensing authorities, does not transform a private religious school into a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) ("[W]e conclude that the school's receipt of public funds does not make the discharge decisions acts of the State."). Because Sisters of Mercy do not exercise sovereign power, they do not take action under color of state law and Count II must be dismissed.

### C. Count IV: Gross Negligence

Gross negligence requires a showing of "more than simple negligence, and likely more akin to reckless conduct." *Does 1-22 v. Bd. of Educ. of Prince George's Cnty.*, 644 F. Supp. 3d 149, 160 (D. Md. 2022) (quoting *Barbre v. Pope*, 402 Md. 157, 187 (2007)). It occurs when a person "inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Id.* (quoting *Barbre*, 402 Md. at 187).

At this early stage of the case, this Court declines to dismiss the gross negligence count. Plaintiff has alleged that Defendants knew of and were deliberately indifferent to Father Tom's harassment because it was "open and notorious," including "persistent and inappropriate touching of Plaintiff on school grounds and persistent closed-door, one-on-one meetings with Plaintiff, including showers." ECF 9 ¶ 90. Plaintiff also alleges, "Defendants, directly and through its agents, servants and employees, knew about the harassment of Plaintiff at the time it was happening." *Id.* ¶ 92. Finally, "on information and belief," Defendants also knew that Father Tom was "serially

harassing other students within the meaning of Title IX before, during, and after his harassment of Plaintiff." *Id.* ¶ 91. Such allegations, taken as true and in the light most favorable to Plaintiff, suffice to state a plausible gross negligence claim under the low bar of a motion to dismiss standard.

### D.  Count V: Negligent Supervision, Monitoring, Training, and Retention

Finally, this Court also declines, at this early stage of the case, to dismiss the claim for negligent supervision, monitoring and training of Sisters of Mercy's employees. The elements of such a claim include "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, supervising or retaining the employee as the proximate cause of plaintiff's injuries." *Mitchell v. Rite Aid of Md., Inc.*, 257 Md. App. 273, 333 (2023), *cert. denied*, 483 Md. 579 (2023) (quoting *Latty v. St. Joseph's Soc'y of the Sacred Heart, Inc.*, 198 Md. App. 254, 272 (2011)).

While Plaintiff does not specifically name the Villa Maria employees that he alleges to be incompetent, he has provided enough information to put Sisters of Mercy on notice as to the contours of his claim. Specifically, he alleges that the employees of Sisters of Mercy had a duty to supervise the student residents under their control to protect Plaintiff and the other students, that Sisters of Mercy had a duty to engage in reasonable monitoring and training for their employees who interacted with children, and that, instead, Sisters of Mercy maintained a policy to conceal the actions of known child predators from public view instead of reporting them to appropriate authorities. He further alleges that Sisters of Mercy did not train its employees to conduct appropriate investigation of suspected or reported instances of abuse and that he suffered harm as a result of that lack of training. Those allegations suffice, under the applicable standard at the

motion to dismiss stage, to state a viable claim for negligent supervision, monitoring, training, and retention.

## IV.  CONCLUSION

For the reasons stated above, Defendant's partial motion to dismiss, ECF 24, will be granted as to Count II (Violations of Maryland Declaration of Rights) and denied as to the remaining counts. A separate Order follows.

Dated: April 14, 2026

_____/s/_____

Stephanie A. Gallagher
United States District Judge